NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1401

KEVIN J. SHEA

vs.

CITY OF FRAMINGHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kevin J. Shea, appeals from a summary judgment in favor of the defendant, the city of Framingham.  He argues that the Superior Court judge erred in ruling that the city council's appropriation power in article VI, § 5(d) of the city's charter permitted it to defund the plaintiff's position. The plaintiff contends that a genuine issue of material fact exists whether the language of article III, § 3(a) of the charter stating that department directors "shall serve three-year terms" precluded the city council from defunding his position.  We conclude that the city is entitled to judgment as a matter of law, and therefore we affirm.

Background.  These facts are not in dispute.  In a November 3, 2019 letter, the mayor appointed the plaintiff as the city's director of planning and community development.  The letter set forth information including the job title, salary, hours, and benefits, but did not state a term of employment, nor did it mention the city's charter.  The plaintiff began work on or about December 30, 2019.

On June 15, 2021, the city council adopted a budget for the 2022 fiscal year that provided, "[t]he position of Director of Planning & Community Development is not funded for FY 22."  The mayor approved the budget.  As of July 1, 2021, the plaintiff's employment ceased.

In August 2022, the plaintiff filed the underlying action for breach of contract, asserting that language in the city charter providing for "three-year terms" for division heads and department directors created an employment contract which the city council breached by defunding his position.  The plaintiff and the city filed cross motions for summary judgment.  After a hearing, the judge declined to reach the question whether the November 3 letter and the charter gave rise to a three-year employment contract, concluding that the city council's appropriation power permitted it to defund the director of planning and community development position.  The judge granted summary judgment in favor of the city.  The plaintiff appeals.

2

Discussion.  We review de novo a grant of summary judgment to determine whether there is a "genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  See City Council of Springfield v. Mayor of Springfield, 489 Mass. 184, 187 (2022); Tetreault v. Selectmen of Lynnfield, 102 Mass. App. Ct. 330, 331 (2023).  In doing so, we view the facts in the light most favorable to the plaintiff, the nonmoving party against whom summary judgment entered.  See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016).

The plaintiff argues that, even though the November 3 letter did not contain any term of employment or refer to the charter, it created a three-year employment contract when read in conjunction with the charter.  Like the judge, we conclude that we need not resolve the question whether the letter and the charter together constituted a three-year contract, because in any event the charter gave the city council the authority to defund the position of director of planning and community development.

The charter grants to the city council the power to appropriate funds.  Article VI, § 5(d) of the charter provides that "the council may delete or decrease any programs or amounts except expenditures required by law."  In the fiscal year 2022

3

budget, the city council deleted the amount allocated for the position of director of planning and community development. The plaintiff points to two other sections of the charter: article V, § 4 provides that "[t]here shall be a division of planning and community development" and its director "shall be appointed"; and article III, § 3(a) provides that department directors, which include the director of planning and community development, "shall serve three-year terms." The plaintiff argues that those sections mean that his salary for three years was an "expenditure required by law" under article VI, § 5(d). At oral argument, counsel for the city explained that the language of article III, § 3(a) may give rise to an employee's expectation of a three-year term of employment, but that term was not guaranteed because that language did not abrogate the appropriation power of the city council under article VI, § 5(d). "We defer to the [city]'s reasonable interpretation of its own charter." Tetreault, 102 Mass. App. Ct. at 340 (language of charter appointing department heads for "indefinite terms" did not create life tenure). Moreover, the city council's defunding the position of director did not eliminate the department, so it did not violate article V, § 4.

Because the city council had the authority to defund the director of planning and community development position, the relief the plaintiff seeks would be in the nature of mandamus.

4

Mandamus relief "is extraordinary and may not be granted except to prevent a failure of justice . . . where there is no other adequate remedy" (citation omitted).  Padmanabhan v. Executive Director of Bd. of Registration in Med., 491 Mass. 1031, 1032 (2023).  Mandamus relief "is not appropriate to compel an official to perform a discretionary act."  Id.  Rather, mandamus relief is appropriate only to require "a government official to perform a clear cut duty" (citation omitted).  Mederi, Inc. v. Salem, 488 Mass. 60, 65 (2021).  We conclude that mandamus relief would not be proper, because the city council cannot be compelled to exercise its discretion in appropriating funds.

Judgment affirmed.

By the Court (Grant, Brennan & Smyth, JJ.[1]),

Clerk

Entered:  January 9, 2026.

---

[1] The panelists are listed in order of seniority.

5